UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK PICCUITO,

    Plaintiff,

v.                                  CASE No. 8:08-CV-2481-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Although the decision of the administrative law judge is supported by substantial evidence, the Appeals Council erred when, following the submission of new and material evidence, it denied further review. Accordingly, the decision of the Commissioner of Social Security will be reversed and the matter remanded for further consideration.

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has a high school education, has worked primarily as a heating and air conditioning service technician (Tr. 77, 194). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to an injured back and a cyst on the side of his head (Tr. 76). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "chronic low back pain with mild degenerative disease of the lumbar spine" (Tr. 15). She concluded that these impairments restricted the plaintiff to light work with occasional balancing, stooping, and climbing of stairs and ramps (Tr. 16). The law judge determined further that the plaintiff cannot crouch, kneel, crawl, or climb ladders, scaffolds, and ropes, and must avoid dangerous moving machinery, unprotected heights, and concentrated heat and cold (id.). The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 20). However, based upon the testimony of a vocational expert, the law judge ruled that there were

-2-

jobs that existed in significant numbers in the national economy that the plaintiff could perform, such as ticket taker, production assembler, and retail marker (Tr. 21).[2] Accordingly, the law judge decided that the plaintiff was not disabled (id.).

The plaintiff requested review of that determination and submitted new evidence to the Appeals Council regarding his back condition. The Appeals Council denied his request for review, stating only that the information does not provide a basis for changing the law judge's decision (Tr. 4-6). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

---

[2] The law judge mistakenly identified the job with the DOT number of 706.687-012 as production assistant (Tr. 21). However, the vocational expert testified that the job corresponding to that DOT number is called production assembler (Tr. 202).

Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision solely on the ground that the law judge's credibility determination was flawed. That contention is clearly meritless.

The law judge set forth the proper standard for evaluating complaints of pain (Tr. 16-17). Moreover, she explained in detail why she was discounting to some extent the plaintiff's subjective complaints (Tr. 19).

The plaintiff quibbles with two comments the law judge made in explaining her credibility determination (Doc. 22, p. 8). As the

Commissioner's response cogently shows, those quibbles provide no basis for overturning the law judge's credibility determination (see Doc. 23, pp. 10-12). Since this was the plaintiff's only challenge to the law judge's decision, he has failed to show that the decision was not supported by substantial evidence in the record before the law judge, or that it contained legal error.

The plaintiff's primary challenge, however, is not to the decision of the law judge, but to the denial of review by the Appeals Council after the submission of additional evidence. This contention warrants reversal.

As of the law judge's decision on May 25, 2007, the plaintiff's pain management physician, Dr. S. Rao Korabathina, assessed the plaintiff as having mild degenerative changes of the spine, loss of curvature, and narrowing of the L5 disc space on the basis of a lumbo-sacral spine x-ray (Tr. 18; see Tr. 149). Dr. Korabathina, like other doctors before him, sought an MRI of the lumbar spine (Tr. 150; see also Tr. 131, 134).

The plaintiff subsequently obtained an MRI of the lumbar spine, causing treating physician, Dr. Reynaldo Lim, in July 2007, to conclude that the plaintiff suffered from "L4-L5 bulging disc and mild facet arthropathy" (Tr. 173). Indeed, the MRI of July 5, 2007, revealed "L5-S1 dehydrated bulging disc with left paracentral and posterior central disc protrusion. Mild

lateral recess narrowing is seen on the left," and "L4-5 bulging disc and mild facet arthropathy bilaterally" (Tr. 172).

Although Dr. Lim began treating the plaintiff in June 2007, Dr. Lim opined on a Physical Residual Functional Capacity Questionnaire that the plaintiff was extremely limited in sitting, standing, walking, and lifting (Tr. 174-76). He stated that, since June 2003, the plaintiff had a "permanent disability and [was] not able to have a gainful employment" (Tr. 177). The additional information also included treatment notes from Dr. Lim (Tr. 178-89). The plaintiff contends that, in light of this new evidence, the Appeals Council should have granted review of the law judge's decision (Doc. 22, pp. 5-7).

The Appeals Council stated that it had considered this additional evidence (Tr. 4). However, it "found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 5).

A regulation concerning review of disability benefit claims by the Appeals Council states, in pertinent part (20 C.F.R. 404.970(b)):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall

> evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

A similar regulation concerning review by the Appeals Council of supplemental security income claims also states that the Appeals Council will "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. 416.1470(b).

There has been a significant development in the law of the Eleventh Circuit concerning the handling of new evidence submitted first to the Appeals Council. In Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), the court held that, when the Appeals Council has denied review after the consideration of new evidence, a court reviewing a denial of benefits should look only to the evidence actually presented to the law judge in determining whether the law judge's decision is supported by substantial evidence. The court added, however, that the new evidence could be considered in connection with a request for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g).

More recently, the Eleventh Circuit in <u>Ingram</u> v. <u>Commissioner of Social Security Administration</u>, 496 F.3d 1253 (11th Cir. 2007), distinguished <u>Falge</u> and discounted some of its language as erroneous dicta. Unfortunately, <u>Ingram</u> is subject to two different interpretations. Thus, it can be read to say either (1) that, when the Appeals Council has denied review after the submission of new evidence, a court is to determine whether the Appeals Council correctly decided that the law judge's findings were not contrary to the weight of the evidence then of record, or (2) that the court is to determine whether the law judge's decision is supported by substantial evidence after consideration of the newly submitted evidence.

In <u>Tucker</u> v. <u>Astrue</u>, 2008 WL 2811170 (M.D. Fla. 2008), I discussed this uncertainty at some length. It was my conclusion that <u>Ingram</u> is properly read to hold that, when the Appeals Council considers new evidence and denies review, the district court (assuming the issue has been raised) should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. The Eleventh Circuit has not subsequently rendered any decision (either published or unpublished) that calls that conclusion into question.

Accordingly, the additional evidence in this case will be considered to determine whether, in violation of 20 C.F.R. 404.970(b) and 416.1470(b), the Appeals Council erred in concluding that the law judge's findings were not contrary to the weight of the evidence currently of record. Before this determination is undertaken, the threshold inquiry is whether the additional evidence is new and material. Unless both of these are shown, §404.970(b) and §416.1470(b) do not come into play.

Evidence is considered new if it is not cumulative. Falge v. Apfel, supra, 150 F.3d at 1323. Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. Id.

The evidence here is clearly new and non-cumulative. The evidence before the law judge did not include MRI results or the opinion of a treating physician.

Further, the evidence is material in that it creates a reasonable possibility of a different decision. Thus, it is reasonably possible (as distinct from probable) that the treating doctor's opinion of total disability supported by an MRI showing disc abnormalities would change the result.

The Commissioner argues that Dr. Lim's opinion should be discounted (Doc. 23, pp. 16-19). However, the responsibility to weigh the

evidence is assigned to the administrative fact-finders and not this court. As Judge Posner stated in analogous circumstances in Eads v. Secretary of the Department of Health and Human Services, 983 F.2d 815, 817-18 (7th Cir. 1983), if this court were to determine the weight to be given to Dr. Lim's opinion, "[i]t would change our role from that of a reviewing court to that of an administrative law judge, required to sift and weigh evidence in the first instance, rather than limited as we are to reviewing evidentiary determinations made by the front-line factfinder." Accordingly, in considering whether the Appeals Council erred in denying review, Dr. Lim's opinion is to be taken at face value. On the other hand, in connection with a remand, Dr. Lim's opinion as a treating physician may be entitled to considerable, or substantial, weight, Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004), or, as the Commissioner argues, may be given little weight by the administrative factfinder. How much weight should be given to Dr. Lim's opinion is clearly a matter for the Appeals Council or a law judge to decide. This court simply reviews that determination.

Since, at this point, Dr. Lim's opinion is taken at face value, that opinion, along with the MRI results, constitutes material evidence. The additional evidence therefore meets the threshold requirement that it be new

and material. Therefore, it is appropriate to consider whether the Appeals Council erred in concluding that the law judge's findings were not contrary to the weight of the evidence currently of record.

Significantly, the medical evidence in the record before the law judge was sparse. There was no opinion before the law judge from a treating or examining physician setting forth the plaintiff's functional limitations. Dr. Lim's opinion, unless subsequently properly discounted, provides that important missing information.

Moreover, a post-decision MRI revealed the following (Tr. 172):

> L4-5 Disc Level: Mild bulge is seen with bilateral facet hypertrophy. Mild foraminal narrowing is noted bilaterally.
>
> L5-S1 Disc Level: Desiccated degenerative disc is seen with annular disc bulge. A moderate-sized 5-mm posterior central and left paracentral disc protrusion is seen. Mild lateral recess narrowing is seen on the left. The neural foramina remain patent.

At the time of the law judge's decision, the plaintiff had not had an MRI. Importantly, the law judge noted that "[x]-rays of the claimant's lumbar spine revealed only mild degenerative changes in the spine. Although it was recommended on at least three occasions, [sic] that he have a magnetic

resonance imaging scan of his lumbar spine, the file is devoid of the claimant doing so" (Tr. 19). Moreover, the law judge relied on an x-ray of the plaintiff's lumbar spine revealing only mild degenerative changes and narrowing of the L5 disc space, as evidence that he was capable of doing more than he alleged (Tr. 18, 19). She noted further that doctors recommended an MRI "to rule out any abnormalities" and that the plaintiff "did not have such studies" (Tr. 18). Thus, the law judge thought that an MRI would be important. Moreover, when an MRI was done, it did show abnormalities.

Therefore, particularly in light of the meager medical evidence in the record, the (undiscounted) opinion from Dr. Lim and the MRI showing lumbar abnormalities cause the law judge's decision to be contrary to the weight of the evidence before the Appeals Council. Consequently, the Appeals Council erred in denying further review of the plaintiff's claims.

It is, therefore, upon consideration

ORDERED:

That, pursuant to sentence four of 42 U.S.C. 405(g), the decision of the Commissioner of Social Security is hereby REVERSED, and the matter

is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 24th day of December, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE