UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK PICCUITO,

    Plaintiff,

v.                                CASE No. 8:08-CV-2481-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorneys' Fees (Doc. 26) filed by counsel for the plaintiff on March 29, 2010. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,216.76 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicants represented the plaintiff in this action seeking review of a denial of her claims for Social Security disability benefits and supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated

December 28, 2009 (Doc. 24). Judgment was therefore entered in favor of the plaintiff (Doc. 25). The plaintiff then filed this application for attorneys' fees under the EAJA (Doc. 26).

The EAJA requires a court to award attorneys' fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicants have requested an award of attorneys' fees in the amount of $3,216.76 (Doc. 26). This amount represents 2.75 hours of service before the court in 2008 at an hourly rate of $165.00 and 2.3 hours in 2009 at an hourly rate of $169.51 by attorney Michael Steinberg and 14.0 hours of service before the court in 2009 at an hourly rate of $169.51 by attorney Fernando Narvaez (id., pp. 2-3). The defendant has not responded despite adequate time to do so.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorneys' fees unjust. Accordingly, the award of attorneys' fees to the plaintiff in this case is appropriate under the EAJA.

The claim of 18.05 hours for services performed in this case and one hour for preparing the fee petition appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsels' hourly rate, the applicants assert that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $165.00 per hour for work performed in 2008, and to $169.51 per hour for work performed in 2009 (Doc. 26, p. 2). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Accordingly, the 2.75 hours of work performed in 2008 will be awarded at a rate of $165.00, and the 16.3 hours of work in 2009 will be calculated at a rate of $169.51, for a total of $3,216.76.

Finally, it is requested that the attorneys' fees be paid directly to plaintiff's counsel (id., p. 3). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff agreed that the EAJA award be made to her counsel (Doc. 26-4, p. 1). Furthermore, the defendant has not raised any opposition to an award of attorneys' fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the defendant's

lack of opposition, the award of attorneys' fees and costs is payable to plaintiff's counsel in this case.

For the foregoing reasons, the Plaintiff's Motion for Attorneys' Fees (Doc. 26) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $3,216.76 in attorneys' fees be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 17th day of April, 2010.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE